**BALLINGER, Plaintiff-Appellant, v. DAYTON (City), Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2207.   Decided December 3, 1952.

A. K. Meck, P. L. Birt, Dayton, for plaintiff-appellant.
Herbert S. Beane, Maurice J. Gilbert, Dayton, for defendant-appellee.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered upon the sustaining of a demurrer interposed by the defendant. The question thereupon presented is whether the petition states a good cause of action. The petition sets forth three grounds for personal injuries received by the plaintiff as the result of being run into by a whirling type power lawn mower with rotary blades which were not adequately guarded.

It appears that the plaintiff, a county employee, and an employee of the City of Dayton, were both engaged in cutting grass at Westwood Park, a public park of the City of Dayton, Ohio; that while so doing the defendant's employee either lost control of or permitted his machine to get out of control and run into the plaintiff, resulting in the injuries complained of. The petition was grounded upon the following propositions:

(1) That since the mower was not adequately protected it was a nuisance under §3714 GC.

(2) That the job of maintaining the Park was a proprietary function and that in so doing the defendant was guilty of negligence.

(3) That by reason of the manner in which it was being operated it was a qualified nuisance.

Now, was this machine a nuisance for which the City is liable under §3714 GC, which provides:

"* * * The council shall have the care, supervision and control of * * * public grounds, * * *, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

We are in agreement with the trial court in its conclusion that the power mower which caused the injury cannot be brought within the provisions of the cited section of the General Code, either as an absolute or a qualified nuisance. In **City of Wooster v. Arbenz, 116 Oh St 281,** the Court lays down the rule that in order for a municipality to be liable for damages for maintaining a nuisance under **§3714 GC** the negligence must relate to a condition of the premises themselves, and the damage caused by a defective condition thereof. The third paragraph of the syllabus provides:

"The duties and obligations thus imposed are in derogation of the common law and must therefore be strictly construed, and the provisions of that legislation cannot by implication or interpretation be extended to make a municipality liable for the negligence of its servants while engaged in the act of making improvements to streets, unless such negligence relates to a condition of the street itself and the damage is caused by a defective condition thereof."

This case was recently affirmed in **Wall v. City of Cincinnati, 150 Oh St 411,** the third paragraph of the syllabus of which we quote:

"A qualified nuisance is not shown by the allegations of a petition from which it appears that a municipality was engaged in the performance of its statutory duty of caring for its streets and there is no allegation showing a defective condition in the street itself. (Paragraph three of the syllabus in the case of **City of Wooster v. Arbenz, 116 Oh St, 281,** approved and followed.)"

In comparing the case at bar with the law pronounced in this syllabus it will be noted that here the defendant was engaged in the statutory duty of maintaining the park and there is no allegation of any defective condition in the park premises themselves. We can find no distinction between our case and the Wall case, supra. Therefore, we must hold the defendant did not fail to perform any duties required of it under §3714 GC.

In attempting to hold the defendant liable for its negligent acts the amended petition alleges:

"Said park is held and maintained by the defendant in its proprietary capacity, and citizens may use same for playground purposes; for some of said uses, permits and special authority must first be obtained, and the people who are allowed to use the same must pay the city of Dayton, Ohio, for the use thereof."

It appears to us the allegation that the operation of the park was a proprietary function is a legal conclusion which is not supported by the mere allegation that for some uses a permit had to be obtained for which a fee was charged. The motive in charging a fee may not be for profit but for regulation or other purposes. The fact that revenue is incidentally derived from public property does not in and of itself alter the public character of the use. **Toledo v. Jenkins, 143 Oh St 141.** See also **State, ex rel. Hepperla v. Glander,** No. 4097. Franklin County, decided by this court October 24, 1952, **94 Oh Ap 187.** The law seems to be well established that in the construction and maintenance of a park or swimming

pool for the use and benefit of the general public a municipality acts in a governmental rather than a proprietary capacity and while so acting a municipality incurs no liability for common law negligence. **Selden v. City of Cuyahoga Falls, 132 Oh St 223.** The allegations of the amended petition do not state sufficient facts to charge that the defendant was acting in a proprietary capacity and, therefore, a good cause of action is not stated.

Finding no error in the record, the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.